# In the United States Bankruptcy Court for the District of Maryland

| | |
|---|---|
| In re:<br><br>**STEPHEN A. UVANEY,**<br><br>    *Debtor.* | Bankruptcy No. 13-2-7870 RAG<br><br>Chapter 13<br><br>**RESPONSE TO CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION** |

**Now Comes** Debtor, Stephen A. Uvaney, by counsel Chung & Press, LLC and Brett Weiss, and responds to the Chapter 13 Trustee's Objection to Confirmation, and states:

1. The Trustee states that the Debtor "has failed to include redacted account numbers…" There are four Wells Fargo entity secured claims. The Plan includes redacted account numbers for the two Wells Fargo accounts that are being dealt with through the Plan by surrender or by stripoff. The remaining two claims are being paid "outside the Plan," and no account numbers are stated since they will not be dealt with through the Plan. Counsel fails to see the basis for this objection.

2. The Plan proposes to surrender the debtor's interest in 32434 1st Place South, Federal Way, Washington 98003. Both the debtor and his ex-spouse, who is not a party to this bankruptcy proceeding, are, or were, on title.[1] The term "surrender" is not defined in the Code. It does not necessarily mean "transfer," which *is* a defined term. 11 U.S.C. § 101(54). "Surrender does not transfer ownership of the surrendered property.

---

[1] Although a foreclosure action against this property was docketed in the King County Superior Court in Washington State, No. 11-2-44346-9, and the Court docket indicates a "Judgmt & Decree of Foreclosure" was entered on November 5, 2012, nothing after that date indicates that the foreclosure auction occurred and was completed prior to the filing of the within case. The debtor is unsure, as noted in footnote 2, Wells Fargo has not filed a Proof of Claim stating that it is a secured creditor or alleging any deficiency (and has taken no post-petition collection activity against the debtor on this debt) and Counsel has been unable to determine the status of the foreclosure.

*Rather, 'surrender' means only that the debtor will make the collateral available so the secured creditor can, if it chooses to do so, exercise its state law rights in the collateral. Pratt v. General Motors Acceptance Corp. (In re Pratt),* 462 F.3d 14, 18-19 (1st Cir. 2006); *In re Gollnitz,* 456 B.R. 733, 736 (Bankr. W.D.N.Y. 2011) ('Authorization for surrender does not constitute a transfer of title. Rather, transfer requires both the surrender of an interest and its acceptance.')" *In re Rosa,* No. 13-00630 (Bankr.D.Hawaii July 8, 2013) (Emphasis added).

Debtor can only surrender *his* interest.[2] He has no control over any co-owner's interest in that property. So long as the Debtor makes the property available to the creditor to exercise its state law rights against it by consenting to the lifting of the stay—something that ¶ 2(e)(iv) of the Plan does—the failure to ensure that a non-party to this proceeding also surrenders an interest in property is not a basis for the denial of confirmation under 11 U.S.C. § 1325. The property is, of course, currently subject to state law remedies that the creditors may have against the co-owner's interest.

3. Counsel agrees that the Pre-Confirmation Certificate ("PCC"), which is required by Local Rule 3015-2(c) to be filed within seven (7) days of the confirmation date, was not timely filed. It will be filed before the hearing.

4. Counsel notes that the same Local Rule 3015-2(b) states, "Objections to the plan must be filed and copies served on the Chapter 13 Trustee, the debtor, and the debtor's attorney no later than seven (7) days before the date set for hearing on confirmation of the plan." The Chapter 13 Trustee's Objection to Confirmation of Plan was filed on February 28, 2014, which is five (5) days before the confirmation hearing date (March 5, 2014). Since the Chapter 13 Trustee cites as a basis for denial of confirmation the fact

---

[2] Two secured creditors are scheduled as being secured by the Washington State property: Colonial Forest Homeowners Association and Wells Fargo Home Mortgage. Colonial Forest filed a Proof of Claim as Claim No. 9. That claim was withdrawn by the creditor on January 29, 2014 at Docket No. 25. Wells Fargo Home Mortgage has never filed a Proof of Claim in connection with this property.

that the PCC was not filed in strict compliance with the Local Rule, Counsel points out that the Chapter 13 Trustee's objection also was not timely filed under that same Rule.

5. The Chapter 13 Trustee objects to confirmation stating, "The plan provides only a *de minimis* dividend for unsecured creditors." Nothing in the Code, the Rules, the Local Rules, or the applicable cases interpreting the Code, the Rules, or the Local Rules, require a particular distribution to general unsecured creditors other than pursuant to §§ 1325(a)(4) and (b)(1)(B). There has been no allegation by the Chapter 13 Trustee that the Plan fails to meet the Chapter 7 liquidation test of § 1325(a)(4) or the projected disposable income test of § 1325(b)(1)(B), merely that it pays a small amount to the unsecured creditors. Such is not an appropriate basis for objecting to or denying confirmation.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, Debtor prays that the Chapter 13 Trustee's objection be overruled and the Plan confirmed.

March 1, 2014                                                     Respectfully Submitted,

                                                                  CHUNG & PRESS, LLC


                                                                  By:    /s/ Brett Weiss
                                                                      BRETT WEISS, #02980
                                                                      6404 Ivy Lane, Suite 730
                                                                      Greenbelt, Maryland 20770
                                                                      (301) 924-4400
                                                                      brett@BankruptcyLawMaryland.com

**CERTIFICATE OF SERVICE**

𝔍 𝔥𝔢𝔯𝔢𝔟𝔶 𝔠𝔢𝔯𝔱𝔦𝔣𝔶 that a copy of the foregoing document was, this 1st day of March, 2014, transmitted electronically via ECF to Ellen Cosby, Chapter 13 Trustee.

                                                                      /s/ Brett Weiss
                                                                  BRETT WEISS